UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD M. SMITH,

               Plaintiff,          CIVIL ACTION NO. 06-CV-12402-DT

     vs.

                                  DISTRICT JUDGE LAWRENCE P. ZATKOFF

KELVIN SIMOWSIK,          MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** The Motion to Dismiss filed by Defendants Adams and Peterson on December 6, 2006 (docket no. 25) should be **GRANTED**. Plaintiff's claims against the remaining Defendants should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and this action should be dismissed.

**REPORT:**

## I.    FACTS AND PROCEDURAL HISTORY

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 alleging federal due process violations and state law tort claims for the use of excessive deadly force, assault with the intent to kill, felonious assault, and negligence. (Docket no. 1 at 7). Plaintiff filed the action in state court and Defendants removed it to federal court. (Docket no. 1). Defendants Adams and Peterson filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on December 6, 2006. (Docket no. 25). The motion is based on the argument that the applicable statutes of limitation bar all of Plaintiff's claims. Three other Defendants have appeared in the action. The remaining Defendant, Herlotha Fields, has not been served a copy of the Complaint. Plaintiff has responded to the Motion to Dismiss. (Docket no. 30). All pre-trial matters have been referred to the undersigned for decision. (Docket no. 13). The

Motion to Dismiss is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff alleges that Defendants falsely accused him of shooting at two Detroit Police Department homicide investigators on January 22, 1998. These two officers are Defendants Fields and Adams. (Docket no. 1 at 9). Defendant Peterson is a Detroit Police Sergeant who swore to the affidavit supporting an arrest warrant for Plaintiff and related search warrants. Defendants Simowsik, Raymond, and Westveld are Wayne County prosecutors who took part in Plaintiff's prosecution of both the alleged shooting at police and two unrelated murder charges against Plaintiff. Plaintiff alleges that he was charged with felonious assault and a felony firearms offense for shooting at the officers. He had two pending charges for first degree murder. (Docket no. 30 at 2). Plaintiff further claims that before his preliminary hearing on the assault and firearms offenses Defendants received a laboratory report showing that swabbings taken from his right and left hands and forehead were negative for lead, barium and antimony. (Docket no. 1 at 8-9). He argues that this proves that he did not shoot at the officers and that they falsely claimed that he did so at his preliminary hearing on these charges.[1] Plaintiff further claims that Defendants made these false allegations at his murder trial which resulted in his conviction for second-degree murder and sentence of 15 to 30 years in prison. (Docket no. 30 at 2). Plaintiff's assault and firearms charges were dismissed.

There are several important dates alleged in the pleadings which bear on the running of the statutes of limitation. January 22, 1998 is the day that Plaintiff alleges he was arrested on his assault and firearms charges. This is also the day that Sgt. Peterson swore out his affidavit which Plaintiff alleges

---

[1] Plaintiff submitted excerpts of the transcript of his jury trial on the murder charge which sheds some light on the officers' version of the events on January 22, 1998. The Court will not consider any exhibits in a manner that would convert this motion to dismiss into one for summary judgment; however to the extent that the excerpts may be considered to be a part of the Complaint they do provide background information on the events of that day. *See* Fed. R. Civ. P. 10(c).

-2-

contains false accusations against him.  (Docket no. 1 at 8-9).  On this day Defendant Simowsik presented this affidavit to a magistrate to obtain the warrants.  (*Id.*)  Plaintiff's preliminary hearing on these charges was held on February 9, 1998.  (*Id.* at 9).  Defendant Raymond presented the allegedly false information to the court at this time by arguing that Plaintiff fired the shots at the officers.  (*Id.* at 10).  Plaintiff's trial on his murder charges took place in September 1999.  (*Id.*).  During trial Defendants Fields and Adams allegedly testified about Plaintiff firing the weapon at them, and Defendant Westveld, as prosecutor, elicited this allegedly false testimony.  Finally, the assault and firearms charges were dismissed before Plaintiff's trial in 1999.  (*Id.* at 11).  Plaintiff alleges that the laboratory report with negative results was released five days before his preliminary hearing which would have been in early February 1998.  (*Id.* at 9).

## II.    STANDARD OF REVIEW

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint.  *Id.*  The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however.  *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time" if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted.  Accordingly, even if the full filing fee has been paid, the court must dismiss the complaint if it comports with this section.  *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997).

## III.    STATUTES OF LIMITATION

Plaintiff claims he was denied due process in violation of his federal constitutional rights.

(Docket no. 1 at 7).  He also alleges that Defendants committed the state torts of excessive force, assault, and negligence.  (*Id.*)  The use of excessive deadly force apparently occurred when Officers Fields shot at the vehicle in which Plaintiff was riding.  For purposes of the statute of limitation, the Court will construe this as a claim of assault and battery.  The allegation of negligence is apparently based on Defendants' alleged failure to disclose the laboratory report to Plaintiff during his criminal trial.  (*Id.* at 11).  For purposes of the statute of limitation, the Court will treat this as a claim of false arrest or imprisonment or of malicious prosecution.

In addition to these stated claims, Plaintiff mentions other statutes in the body of his Complaint.  He argues that the prosecutors violated *Mich. Comp. Laws* § 780.651 when they consolidated in a single affidavit facts supporting separate applications for warrants.[2]  (*Id.* at 9).  Plaintiff also cites 18 U.S.C. §§ 241 and 242 which prohibit conspiracies against civil rights and the deprivation of rights under color of law.  These laws of criminal procedure and offenses do not provide standing for private persons to bring a civil action alleging their violation.  *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished).  Therefore, Plaintiff fails to state a claim upon which relief could be granted based on these criminal statutes.

Section 1983 takes its limitation period from the applicable state limitation period for personal injuries, which for this case is three years pursuant to *Mich. Comp. Laws* § 600.5805(10).  *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986).  The limitation period is determined by federal law and runs from the date that the claim accrued.  Claims accrue at the time that a party knows or has reason to know, through the exercise of reasonable diligence, of the injury which is the basis for his action.  *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

---

[2] This statute does not prohibit a single affidavit from setting forth the facts supporting separate applications for warrants. Therefore, Plaintiff fails to state a claim for which relief may be granted by this allegation, even if he had standing to assert a violation of the statute.

However, when a cause of action under section 1983 would imply the invalidity of a conviction, the claim does not accrue until the conviction is dismissed, reversed or expunged. *Wolfe v. Perry*, 412 F.3d 707, 714-15 (6th Cir. 2005). Thus, the statute of limitation does not begin to run until such an event occurs. *Id.*

Success on Plaintiff's federal constitutional claims would necessarily imply that Defendants lied about whether he shot at Officers Fields and Adams. This, in turn, implies the invalidity of any resulting conviction. Therefore, the statute of limitation did not begin to run until the charges were dismissed. This was before September 1999, according to Plaintiff's Complaint. Plaintiff's Complaint is dated March 17, 2006. (Docket no. 1). Although the Complaint does not reflect a filing date in the state court, this Court is constrained to conclude that it was filed after this date.[3] Plaintiff's Complaint was filed in this Court after removal on May 26, 2006. (*Id.*) Even taking the March 17, 2006 date as the filing date, the three-year statute of limitation for section 1983 federal claims expired years before Plaintiff filed his Complaint. To the extent that Plaintiff makes claims of a federal constitutional violation which would not necessarily imply the invalidity of his conviction, the statute of limitation on such claims would have expired even earlier because such claims would not receive the benefit of a delayed accrual date. Therefore, Plaintiff's federal claims are all barred by the applicable statute of limitation. Defendants' motion to dismiss pursuant to Rule 12(b) should be granted. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) (claims barred by statute of limitation fail to state a claim).

Under Michigan laws, the statute of limitation for the torts of assault, battery, and false imprisonment is two years. *Mich. Comp. Laws* § 600.5805(2). The statute of limitation for malicious

---

[3] Defendants allege that Plaintiff's Complaint was filed in state court on March 29, 2006. (Docket no. 25 at 2).

prosecution is also two years. *Id.* § 600.5805(5). Plaintiff's claim of malicious prosecution under state law accrued at the time his charges were dismissed. *See Wolfe*, 412 F.3d at 715. Therefore, the two-year statute of limitation expired before he filed his Complaint on that claim. Michigan courts have not decided whether a claim of false arrest or false imprisonment receives the benefit of the delayed accrual date and, thus, accrues only after the charges are dismissed. *Id.* If Plaintiff's claims of assault or battery and false arrest accrued at the time of his arrest on January 22, 1998, the applicable two-year limitation period expired well before he filed his Complaint in 2006. If these claims did not accrue until after the dismissal of the charges as late as September 1999, they are still barred because the two-year limitation period expired before he filed his Complaint. Therefore, this Court need not decide whether Plaintiff's state tort claims of assault and battery and false arrest receive the benefit of a delayed accrual date because under both analyses the claims are barred. Plaintiff's state law claims therefore also fail to state a claim upon which relief could be granted. Defendants' motion should be granted as to these claims. *See Rauch*, 576 F.2d at 702.

Plaintiff argues in his Response brief that his claims did not accrue until he discovered that he had a cause of action. (Docket no. 30). Although his argument is not entirely clear, he contends that despite his diligence for seven or more years in attempting to secure information and records from the Detroit Police Department and other departments, it was not until he received exhibit B of his Complaint from the City of Detroit Law Department that he knew he had a cause of action. (*Id.* at 3). This exhibit is the laboratory analysis results which show no significant quantities of lead, barium or antimony on the swabbings of Plaintiff's hands and forehead. Plaintiff alleges that he received this document on September 12, 2005.[4] If the applicable statutes of limitation run from this date, neither

---

[4] This is the date reflected in the fax header of the document. Plaintiff alleges that he received the document on the date in the upper left-hand corner of the document. (Docket no. 30 at 3). The Court may consider this document without converting the motion to one for summary

his state nor federal limitation periods would have expired before he filed his Complaint.

Plaintiff's argument is therefore that Defendants fraudulently concealed the existence of the cause of action. The doctrine of fraudulent concealment tolls the running of the limitation period. However, under the doctrine Plaintiff has the burden of proving that: (1) the defendant concealed the conduct that constitutes the cause of action; (2) defendant's concealment prevented plaintiff from discovering the cause of action within the limitation period; and (3) until discovery, plaintiff exercised due diligence in trying to find out about the cause of action. *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1335-36 (6th Cir. 1995); *Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1001-02 (6th Cir. 1994).

Plaintiff has failed to allege sufficient facts to support application of this doctrine. The causes of action for which Plaintiff sues were not concealed. He knew or could have discovered when he was arrested whether probable cause supported his arrest. He knew or could have discovered when he was arrested whether the officers used excessive force or assaulted him. Plaintiff also knew or could have discovered at the times of his preliminary examination and trial whether Defendants had testified falsely about whether he shot at Officer Fields and Adams and whether the prosecutors were presenting false evidence to the court. The laboratory report was simply evidentiary support, as Plaintiff construes it, for the proposition that he did not shoot at the officers. However, he was present at the time of the shooting and had all the information necessary to alert him to his cause of action. Evidentiary support could have been compiled during discovery after Plaintiff filed his complaint. The doctrine of fraudulent concealment does not apply to the facts of this case. This doctrine therefore does not save

---

judgment. *See* Fed. R. Civ. P. 10(c); *Easy Way, Inc. v. Transport Intern. Pool, Inc.*, 67 Fed. App'x 863, 866 (6th Cir. 2003).

Plaintiff's claims.[5]

The preceding discussion demonstrates that Plaintiff's claims against all Defendants are barred by the applicable statutes of limitation. This defect is not limited to only Defendants Adams and Peterson who brought this motion. Accordingly, under 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss the claims against all remaining Defendants for failure to state a claim upon which relief may be granted or because they are frivolous. *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (claims barred by statute of limitation may be dismissed as frivolous); *Rauch*, 576 F.2d at 702.

## NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to

---

[5] Plaintiff does not argue that his imprisonment tolled the limitation period. In 1994 Michigan law removed any possible tolling provision based on imprisonment. *Mich. Comp. Laws* § 600.5851(9)-(10).

the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 23, 2007                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Donald M. Smith and Counsel of Record on this date.

Dated: March 23, 2007                    s/ Lisa C. Bartlett
                                         Courtroom Deputy